UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVAN GEORGE NOBLE,<br><br>                    Plaintiff,<br><br>          -v. -<br><br>LOCAL 342 UFCW,<br><br>                    Defendant. | 24 Civ. 1026 (KPF)<br><br>**AMENDED ORDER GRANTING REQUEST FOR *PRO BONO* COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

On July 9, 2024, the Court held an initial pretrial conference in this matter, with *pro se* Plaintiff and counsel for Defendant present. (*See* July 9, 2024 Minute Entry; Dkt. #15 (transcript of conference)). At that conference, the Court discussed with Plaintiff in greater detail the factual bases for his claims, which information is absent from his short Complaint in this matter. (Dkt. #15 at 2-23, 34-35; Dkt. #1 (Notice of Removal), 1-1 (Complaint)). Additionally, the Court mentioned the possibility of securing limited *pro bono* representation for Plaintiff to assist him with discovery in this matter, given the likelihood that fact discovery will involve not only document production, but also depositions of the parties and representatives of Plaintiff's former employer, who is not a party to this matter. (Dkt. #15 at 37-39).[1]

Plaintiff indicated his interest in such representation at the conference, and reiterated his desire for such representation in a telephone call to Chambers on July 16, 2024, in which call he expressed that he felt

---

[1] The Court expects that a transcript of this proceeding will be docketed in due course.

overwhelmed by the discovery process. (Dkt. #15 at 38-39).[2] Shortly after receiving that call, the Court shared the substance of that conversation via email with defense counsel, who indicated that Defendant takes no position on the appointment of *pro bono* counsel, and will defer to the Court on the issue. Accordingly, and for the reasons discussed below, Plaintiff's application for appointment of *pro bono* counsel is granted in part. The Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes of assisting him with filing an amended pleading, if appropriate, and with discovery.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Based on the Court's observations of Plaintiff's concerns at the July 9, 2024 conference, the nature of Plaintiff's parallel wage and hour dispute against his former employer, Plaintiff's representation that he was unable to find a lawyer in connection with his claim in this case, and Defendant's lack of objection regarding the appropriateness of appointing *pro bono* counsel, the Court finds that Plaintiff qualifies as indigent for the purposes of appointing limited *pro bono* counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989)

---

[2] Plaintiff has repeatedly represented that he has neither an email address nor a personal computer, and to date has only communicated with the Court and defense counsel via phone call. (*See* Dkt. #12 at 1 n.1 (indicating that Plaintiff "does not use email," and that defense counsel "went over the Proposed Civil Case Management Plan and Scheduling Order with Plaintiff via telephone")).

(quoting *Jenkins* v. *Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61.

The Court has reviewed the Complaint (Dkt. #1-1); the parties' joint pre-conference statement (Dkt. #12); and the factual allegations added to the Complaint pursuant to the parties' extensive colloquy with the Court at the July 9, 2024 conference (*see* July 9, 2024 Minute Entry). Plaintiff asserts a claim for breach of the duty of fair representation under Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. §§ 141-187, alleging that his union representative inadequately represented him in connection with a proceeding attendant to his termination from the Weichsel Beef Company, which proceeding occurred on or about November 15, 2023. (Dkt. #12 at 1). *See* 29 U.S.C. § 185. Plaintiff's claims will rise and fall on his ability to depose his union representative, employed by Defendant, as well as non-party employees of the Weichsel Beef Company, who are collectively the key

3

participants and witnesses to the alleged events giving rise to this action. Likewise, Defendant's own defenses depend on its ability to take a substantive deposition of Plaintiff. Because the parties require multiple depositions to advance his case, and in light of the Court's belief, based on Plaintiff's own representations, that such depositions will be significantly hindered absent the appointment of *pro bono* counsel, the Court finds that, in this case, such representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. In addition, to the extent that incoming counsel believes that amendment of Plaintiff's pleadings would be appropriate — for instance, to clarify the scope of discovery or for some other purpose — counsel is authorized to amend the pleadings.

      For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff for the limited purposes of amending the pleadings and pursing discovery. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a *Pro Bono* Fund to encourage greater attorney representation

of *pro se* litigants. The Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* [http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf](http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at his address of record. The Court further certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 6, 2024
New York, New York

*[signature: Katherine Polk Failla]*

KATHERINE POLK FAILLA
United States District Judge